IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Steven Jerome Guarino, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Harold W. Clarke, )<br>    Respondent. ) | 1:21cv1133 (AJT/TCB) |

## MEMORANDUM OPINION

Steven Jerome Guarino ("Petitioner" or "Guarino"), a former Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2016 convictions for manufacturing with the intent to distribute marijuana and possession of a firearm while in possession of more than a pound of marijuana with the intent to distribute in the Circuit Court of Chesterfield County, Virginia.[1] The Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits. [Dkt. Nos. 6-8]. Petitioner was advised of his right to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) to the motion to dismiss [Dkt. No. 9], and he filed a response on December 6, 2021. [Dkt. No. 11]. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the respondent's Motion to Dismiss must be granted and the petition will be dismissed with prejudice.

### I. Procedural History

Guarino is detained pursuant to the final judgment of the Circuit Court of Chesterfield County dated July 11, 2016. On March 17, 2016, the jury found Guarino guilty of manufacturing

---

[1] Guarino was incarcerated at the time he filed his § 2254 petition. He notified the Court on January 13, 2022 that he had been released from physical custody. [Dkt. No. 12].

with the intent to distribute marijuana and possession of a firearm while simultaneously possessing more than a pound of marijuana with the intent to distribute it, and fixed his sentence at five years in prison for each conviction. (CCT R. at 49-51) (Case Nos. CR15F02266-01, -03). The trial court imposed the sentence fixed by the jury, which resulted in a total sentence of ten years in prison, and entered judgment on July 11, 2016. (CCT R. at 88-89).

A judge of the Court of Appeals of Virginia denied his petition on October 2, 2017 and a three-judge panel of that court reviewed and denied his petition for appeal on December 19, 2017. Guarino v. Commonwealth, Record No. 0433-17-2. The Supreme Court of Virginia refused his subsequent petition for appeal on August 10, 2018, and his petition for rehearing on October 5, 2018. Guarino v. Commonwealth, Record No. 180081.

On or around July 9, 2019, Guarino, proceeding pro se, filed a petition for writ of habeas corpus in the circuit court raising the following claims:

> A. Counsel was ineffective for failing to object to the testimony of Detective B.E. Davis. Counsel also failed to challenge that testimony through cross-examination. Finally, counsel was ineffective for advising Guarino to reject a plea offer for six months and to take the charges to trial. (CCT H at 8-10).
>
> B. Counsel was ineffective for failing to object to the admissibility of certain evidence at trial. (Id. at 10-12).
>
> C. Guarino should have been charged with the lesser-included offense of simple possession of marijuana. (Id. at 12-14).
>
> D. Counsel was ineffective for failing to prepare and file Guarino's direct appeal of his convictions. (Id. at 14).
>
> E. Guarino's Equal Protection and Due Process Rights were violated. (Id. at 16-17).

Guarino v. Clarke, Case No. CL19HC-2410. (CCT H. at 4, 10-17). The circuit court entered a final order on December 6, 2019 dismissing the habeas petition. Guarino appealed the decision to the Supreme Court of Virginia, Guarino v. Clarke, Record No. 200192, and raised four assignments of error:

2

> I. "The trial court ... erred in denying petitioner's writ of habeas corpus petition based on trial counsel rendered ... ineffective assistance of counsel when the trial counsel advised petitioner to not accept the Commonwealth's plea agreement for six (6) months when petitioner was charged with manufacture marijuana not for your own use, and possession of a firearm while committing the illegal manufacture of marijuana charge."
>
> II. "The trial court ... erred for denying petitioner's writ of habeas corpus petition" alleging "petitioner should have been charged with a lesser included offense."
>
> III. "The trial court ... erred in petitioner's defense counsel [was] ineffective for failing to object to the admissibility of certain evidence at trial there were no evidentiary hearing based on the petitioner's writ of habeas corpus petition."
>
> IV. "The trial court ... erred in denying petitioner's writ of habeas corpus petition" alleging "trial counsel has a ... duty to consult with petitioner about his appeal but instead the court ruled on trial counsel's affidavit for delayed appeal."

(VSCT R. at 30). On December 21, 2020, the Supreme Court granted Guarino an appeal limited to his first assignment of error, and refused the other three assignments of error. (Id. at 62). The first assignment of error was briefed and argued (Id. at 203-227, 237-60. 261-79), and the court affirmed the circuit court's judgment on July 1, 2021. (Id. at 280-84); Guarino v. Clarke, 2021 Va. Unpub. LEXIS 23 (Va. July 1, 2021).

On or about September 24, 2021, Guarino, proceeding pro se, timely filed a federal habeas corpus petition pursuant to 28 U.S.C § 2254 [Dkt. No. 8 at 3-4], which raised a single claim: "The Supreme Court of Virginia refuse[d] to address three (3) of the four (4) grounds that was raised by petitioner." [Id. at 5]. Guarino's petition contains no further argument in support of that claim.[2] In his reply to the respondent's motion to dismiss, Guarino argues the evidence is insufficient, and argues his conviction should be "reversed based upon violation of due process,

---

[2] The attachments to the federal petition include the opening and reply briefs filed in the Supreme Court of Virginia by the attorneys appointed to represent Guarino on the appeal of the dismissal of his habeas petition by the circuit court. Guarino also attached correspondence from his appointed attorneys, and memoranda regarding COVID-19 and use of the law library at Virginia Department of Corrections' facilities during COVID-19. [Dkt. No. 1-1].

ineffective counsel, perjured testimony, and not taken the Commonwealth's plea agreement for 6[] months." [Dkt. No. 11 at 3].

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented the same factual and legal claims raised in his § 2254 petition to the Supreme Court of Virginia. See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Finally, exhaustion requires that not only must a claim be exhausted but a habeas petitioner must have presented "'both *the operative facts* and the controlling legal principles'" to the state court for review. Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (emphasis added) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). The requirement that facts be exhausted is an important aspect of exhaustion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA

4

limits federal habeas "review under § 2254(d)(1) ... to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011);[3] see Porter v. Zook, 898 F.3d 408, 443 (4th Cir. 2018) (the reasonableness of a state court's decision is evaluated "'in light of the evidence presented in the State court proceeding.'" (quoting Jones v. Clarke, 783 F.3d 987, 991 (4th Cir. 2015))).

*A. Claims Raised on Direct Appeal*

On direct appeal, Guarino alleged the circuit court erred in denying him a continuance, and that the evidence was insufficient to support his convictions. Guarino requested a continuance at the beginning of his jury trial to re-open the motion to suppress, which had been heard and denied three months earlier. The officer had described a "strong odor of marijuana he [had] detected outside the home" (CAV R. at 53), but testified that he could not recall if there was an "air scrubber" in the house, and subsequently pictures from the search included a picture of an air purifier. Guarino apparently was seeking to attack the officer's credibility. Guarino's trial counsel sought to re-open the suppression motion in order to attack the probable cause provided by the officer that formed the basis for the search warrant, which led to the discovery of the evidence upon which he was charged. As the Court of Appeals noted, however, an air purifier does not "clean" the air, and Guarino was aware of the air purifier in his house. (CAV R. at 53

---

[3] Pinholster explained that

> [w]hat makes the consideration of new evidence strange is not how "different" the task would be, but rather the notion that a state court can be deemed to have unreasonably applied federal law to evidence it did not even know existed. We cannot comprehend how exactly a state court would have any control over its application of law to matters beyond its knowledge.

563 U.S. at 183 n.3. See Muhammad v. Clarke, No. 1:11cv345, 2012 U.S. Dist. LEXIS 10129, *24 (E.D. Va. Jan. 26, 2012) (where a petitioner attempts to allege unexhausted facts, the federal court must defer to the state court's finding) (citing Kasi, 300 F.3d at 501-02; Pinholster, 563 U.S. at 182-83), appeal dismissed, 474 F. App'x 979 (4th Cir. 2012). Pinholster emphasized "that the record under review is limited to the record in existence at that same time — i.e., the record before the state court." Id. (emphasis added)

5

n.2). Applying state law, the court found no abuse of discretion, and its ruling was affirmed when the Supreme Court of Virginia refused Guarino's subsequent petition for appeal.

Guarino did raise a denial of his constitutional right to a fair trial on appeal, but that claim was barred from review by his failure to raise a contemporaneous objection at trial. (CAV R. at 52, n.1).[4] Any federal claim based upon the denial of the continuance Guarino raised on direct appeal was either defaulted on appeal, or is deemed defaulted now because it was not raised at trial and pursued on appeal. See Reid v. True, 349 F.3d 788, 804 (4th Cir. 2003) (noting that Virginia case law defaults claims not properly raised on direct appeal and the claims will not be considered as a basis for collateral relief) (citing Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680, 682 (Va. 1974)). The rule of Slayton v. Parrigan is an independent and adequate state law ground that precludes federal review absent a showing of cause and prejudice for the default. Prieto v. Zook, 791 F.3d 465, 468 (4th Cir. 2015) (citing Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997)).

Guarino also challenged the sufficiency of the evidence to support each of his convictions. The Court of Appeals of Virginia found the alleged errors to be without merit, and summarized the evidence as follows:

> Detective Blaine Davis, Regan, and other officers participated in the execution of a search warrant at [Guarino's] home on May 20, 2015. [Guarino] and Gene Russell, the other resident of the home, were present when the police arrived.
>
> Davis testified as an expert in the field of manufacture, sale, distribution, and possession of marijuana. He described the marijuana growing operation the police discovered in [Guarino's] home. There were marijuana plants in various stages of maturity. In a cabinet, marijuana plants were being started from seeds on top of a sponge. Nearby were Venus flytrap plants to prevent the marijuana plants from

---

[4] In finding the circuit court did not err in denying the continuance, the Court of Appeals found the record established that Guarino was aware of the allegedly newly discovered evidence prior to the hearing on the motion to suppress. "When a denial of a continuance is the basis for a habeas petition, the petitioner must show an abuse of discretion that was so arbitrary and fundamentally unfair as to violate the constitutional principles of due process. Accordingly, to prevail, a petition must show that the failure to grant a continuance harmed the defense." Newton v. Dretke, 371 F.3d 250, 255 (5th Cir. 2004) (internal citations omitted).

> being infested by flies. There were nine plants that Davis described as being in their "infancy." There were also plants in their vegetative state. Mature marijuana plants flower and produce the buds that may be consumed. In one bedroom were seventeen flowering marijuana plants. The largest plant was about five feet in height. Each mature plant could produce about one pound of marijuana.
>
> The police also found in the home potting soil, fertilizer, jugs of water, a hydroponic growing system, and implements used in plant care period there was equipment used for maintaining consistent lighting, temperature, and humidity. The police found two bags of marijuana and smoking devices. "Cannabutter," a marijuana product used in cooking, was in the kitchen. There was a metal grinder with marijuana residue. More than a pound of marijuana was seized from the home and tested at the state laboratory. Numerous guns and ammunition were in the home.
>
> During the search of the house, [Guarino] admitted that all the guns in the house were his. He said he used marijuana for relief from painful medical conditions. When Regan advised [Guarino] of the laws prohibiting possession of marijuana and firearms, [Guarino] said that he wished Regan would die for ruining his life and taking his marijuana plants. [Guarino] said the marijuana growing operation was his and that Russell helped him with it. He further stated he would give marijuana to Russell if Russell had none.
>
> Davis testified that an average user of marijuana could smoke about one-half a gram of the substance daily. A heavy user would consume three to four grams per day.
>
> Testifying [on] his own behalf, [Guarino] said he used marijuana for pain relief from a "L4/ L5 rupture" and nerve damage in his thigh. He said he originally was prescribed opiates for the pain relief, but he became addicted to them. He stopped using the opiates and switched to marijuana instead. [Guarino] claimed the marijuana in the house was not for distribution.

(CAV R. at 54-55).

Regarding his direct appeal, only the sufficiency of the evidence claim presents an arguable federal issue. It is not clear if the federal petition raises the sufficiency claim, but it will be addressed. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir. 2003) (affirming district court's decision to elect to deny habeas relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). The other issue raised on direct appeal regarding the denial of the continuance did not raise a federal issue, and the parts of his argument on appeal that raised a

7

federal issue were found to be defaulted pursuant to the contemporaneous objection rule. (CAV R. at 52, n.1) (citing Va. Sup. Ct. R. 5A:18).

*B. Claims Raised in State Habeas*

Guarino raised five claims in his state habeas petition. The circuit court found the ineffective assistance of trial counsel claims were without merit, as was his claim seeking a delayed appeal because petitioner had an appeal.[5] The circuit court found the remaining two claims were defaulted pursuant to the rule of <u>Slayton v. Parrigan</u>, and dismissed the petition.

Guarino appealed the dismissal of the ineffective assistance claims regarding the advice not to accept the plea agreement, not objecting to evidence, and the denial of his motion for a delayed appeal.[6] Guarino also appealed the dismissal of his claim that he should have been charged with a lesser included offense pursuant to the rule of <u>Slayton v. Parrigan</u>.

On appeal, the Supreme Court of Virginia found that certain factual allegations raised on appeal were defaulted pursuant to Virginia Code § 8.01-654(B)(2).

> Guarino's claim that Jones never informed him of the maximum punishments he faced if convicted was a fact known to him when he filed his initial habeas petition; nevertheless, Guarino neglected to include that factual allegation in that pleading. Guarino's initial pleading stated, "an attorney must correctly inform the defendant of the direct consequences of his plea," failing to specify the consequences counsel fail to inform him of prior to his rejection of the plea deal.

---

[5] Guarino's attorney filed a motion for a delayed appeal pursuant to Virginia Code §19-2-321.1 on December 13, 2016. (CAV R. at 1). The attorney filed an affidavit with the motion admitting Guarino had asked him to appeal his convictions and he had neglected to take the necessary steps to perfect his appeal. (<u>Id.</u> at 3). The motion was granted on February 15, 2017. (<u>Id.</u> at 12).

[6] The state habeas petition alleged that "an attorney must correctly inform the defendant of the direct consequences of his plea," and that his trial counsel was ineffective in advising him to reject the prosecutor's plea offer of six months on all charges. Petitioner alleged that he would have accepted the Commonwealth's plea offer of "six (6) months on all charges ..., but his defense counsel informed petitioner that he could beat the case against him. Therefore, petitioner accepted the advice of his defense counsel and turned down the Commonwealth's six (6) months offering." (CCT H. at 10). The circuit court found the claim was without merit based upon the plea colloquy conducted prior to petitioner entering his not guilty pleas. The ruling was affirmed on appeal. (VSCT H. at 283). The ineffective assistance of counsel claim regarding not objecting to evidence concerned the expert testimony of Detective Davis.

8

(VSCT H. at 282).

*C. Discussion*

A finding of default under the rule of Slayton v. Parrigan is an independent and adequate state law ground that precludes federal review absent a showing of cause and prejudice for the default. Prieto v. Zook, 791 F.3d 465, 468 (4th Cir. 2015) (citing Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997)); Reid v. True, 349 F.33d 788, 805 (4th Cir. 2003) (citing Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). In order to show "prejudice," a petitioner must show an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice is a narrow exception to the cause requirement, "where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004) (citation omitted). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Guarino's state habeas claim asserting he should have been charged with a lesser-included offense was defaulted and Guarino has not argued any cause or prejudice that would allow federal habeas review of the claim. The charging decision is the purview of the prosecutor,[7] and the grand jury found probable cause to indict the petitioner for the felony

---

[7] A prosecutor's charging decision generally rests entirely within his discretion, and that discretion is presumed to be lawful absent exceptionally clear proof. See Nunes v. Ramirez-Palmer, 485 F.3d 432, 442 (9th Cir. 2007); see also Rowsey v. Lee, 327 F.3d 335, 343 (4th Cir. 2003) ("To succeed on a selective-prosecution claim, a defendant must demonstrate that the prosecutor's decision was based on an unconstitutional motive.");

9

marijuana offense. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his [the prosecutor's] discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Further, the jury was instructed on the lesser-included offense of finding Guarino guilty of the offense of simple possession.

The Rule 5A:18 default is likewise an adequate and independent ground that precludes federal habeas review. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999) (Virginia's contemporaneous objection rule is an adequate and independent state court procedural rule barring federal review of a claim because it is firmly established, and regularly and consistently applied) (citing Va. Sup. Ct. R. 5:25); Kent v. Kuplinski, 702 F. App'x 167, 169 (4th Cir. 2017) (applying Court of Appeals of Virginia's contemporaneous objection rule, Va. Sup. Ct. Rule 5A:18, to bar federal habeas review of a sufficiency of the evidence claim). Guarino has not argued cause or prejudice to excuse this default.

The claim that counsel was ineffective because he failed to inform him of the maximum punishments he faced if convicted was a fact known to him when he filed his initial habeas petition and the court defaulted the claim pursuant to Virginia Code § 8.01-654(B)(2). At the beginning of the proceedings on March 17, 2016, before empaneling the jury, Guarino's counsel sought leave to reopen the suppression hearing based upon a picture of an air purifier, which defense counsel argued was relevant to the credibility of the affiant who supplied the probable cause for the search warrant because the affiant attested that he had detected a strong odor of marijuana from outside the home. (3/17/16 Tr. at 8-14). The circuit court heard evidence related to the air purifier (Id. at 14-21), and found that the picture of the air purifier was available to counsel prior to the suppression motion. The circuit court also ruled that the defense could

present evidence on the presence of the air purifier during trial because that would go to the weight of the officer's credibility. (Id. at 26). The record establishes petitioner suffered no prejudice from the denial of the continuance.

Mindful of the need to liberally construe pleadings by pro se prisoners, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the Court will construe the claim expressly stated in the federal petition, the non-defaulted ineffective assistance of counsel claims referenced in Guarino's brief in opposition to the motion to dismiss, and the allegation that the evidence was insufficient to support Guarino's convictions on the merits.[8] See Swisher, 325 F.3d at 232-33 (district court has the discretion to elect to deny habeas relief on the merits pursuant to § 2254(b)(2) even if the claim is "clearly unexhausted").

### III. Standard of Review

Under AEDPA, "a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Knowles v. Mirzayance, 556 U.S. 111, 121 (2009). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. 12, 20 (2013).

An unreasonable application of federal law is not the same as an incorrect application. "The question under AEDPA is not whether a federal court believes the state court's

---

[8] In applying § 2254(d), federal courts apply the "look through" doctrine to the Supreme Court of Virginia's summary refusal of the assignments of error that it did not grant review of on direct appeal and in state habeas, and evaluate the reasonableness of the Court of Appeals of Virginia's decision on direct appeal and the circuit court's reasoned decision on Guarino's state habeas claims (other than the one claim upon which the Supreme Court of Virginia granted an appeal). See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015) (applying "look through" doctrine to evaluate state trial court's reasoned decision denying claim on the merits where state supreme court summarily denied petition for review); Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (federal habeas courts should presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

11

determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007); accord Renico v. Lett, 559 U.S. 766, 772-73 (2010). That is, the state court's judgment "must be objectively unreasonable, not merely wrong; even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quotations and citation omitted); see Harrington v. Richter, 562 U.S. 86, 103 (2011) (state decision is unreasonable application of federal law only if ruling so "lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement").

This "highly deferential standard ... demands that state court decisions be given the benefit of the doubt." Renico, 559 U.S. at 773 (internal quotations and citations omitted). "The required deference encompasses both the state court's legal conclusions and its factual findings." Lenz v. Washington, 444 F.3d 295, 299 (4th Cir. 2006). "[A] determination on a factual issue made by a State court shall be presumed correct." Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)). AEDPA also limits federal habeas "review under § 2254(d)(1) ... to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 18. "In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas petitioner rebuts the presumption of correctness by clear and convincing evidence." Green v. Johnson, 515 F.3d 290, 299 (4th Cir. 2008); see Schriro, 550 U.S. at 473-74.

Claims of ineffective assistance of counsel are determined based on the highly demanding standard set forth for such claims in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the petitioner has the burden to show both that his attorney's performance was deficient and that he was prejudiced as a result. See Strickland, 466 U.S. at 687. The United

States Supreme Court has characterized AEDPA deference in the context of "a Strickland claim evaluated under the § 2254(d)(1) standard" as "doubly deferential judicial review." Knowles, 556 U.S. at 123; see also Woods v. Etherton, 578 U.S. 113, 116-17 (2016). Put another way, federal courts on habeas review give the benefit of the doubt to the state courts and to defense counsel. Woods, U.S. at 117. "Section 2254(d) codifies the view that habeas corpus is 'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Valentino, 972 F.3d at 581 (quoting Harrington, 562 U.S. at 102-03) (additional citation omitted).

Strickland's first prong, the "performance" inquiry, "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. A federal court reviewing a habeas petition indulges a "strong presumption" that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 689. The "basic lesson" of Strickland is that "judicial scrutiny" of counsel's performance must be "highly deferential." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (citation omitted). Attorneys "are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." Id.

Strickland's second prong, the "prejudice" inquiry, requires showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Valentino, 972 F.3d at 580 (quoting Harrington, 562 U.S. at 86); accord Shinn v. Kayer, 141 S. Ct. 517, 523 (2020). The question is whether the state court, which has "substantial 'latitude to reasonably determine that a defendant

13

has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." Mays v. Hines, 141 S. Ct. 1145, 1149 (2021) (quoting Knowles, 556 U.S. at 123).

## IV. Merits

### A. *"The Supreme Court of Virginia refuse[d] to address three (3) of the four (4) grounds that was raised by petitioner."*

Guarino's allegation that the Supreme Court of Virginia improperly refused to address three of the four assignments of error that he raised in his appeal to that court from the circuit court's dismissal of his habeas petition is without merit, and fails to state a federal claim.

First, the Supreme Court of Virginia considered each of the four claims Guarino raised in his petition for appeal from the dismissal of his habeas by the circuit court. The fact that the court only allowed additional briefing and argument on one of the four claims does not mean the other three were not considered. As the December 21, 2020 order states, Guarino is awarded an appeal "limited to the consideration of assignment of error no. 1, as set out in the petition for appeal," and that "[t]he petition for appeal is refused as to the remaining assignments of error." (VSCT H. at 62). See Sheets v. Castle, 559 S.E.2d 616, 619 (Va. 2002) (an appellate court's refusal of a petition for appeal, generally, constitutes a decision on the merits).

Further, "[c]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief," Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted), because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. Lawrence v. Branker, 517 F.3d. 700 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas corpus relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself."). Because Guarino's allegation that the Supreme Court of Virginia erred during

14

the state post-conviction proceedings fails to provide a cognizable basis for federal habeas corpus relief, his claim will be dismissed.

### B. Sufficiency of the Evidence

Sufficiency of the evidence claims, "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." Coleman v. Johnson, 566 U.S. 650, 651 (2012). As explained in Coleman:

> First, on direct appeal, "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Id. See also Jackson, 443 U.S. at 319 (holding relevant standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

In this case, the state court's decision regarding the sufficiency of the evidence was reasonable and fully supported by the evidence as summarized above. See supra at 6-7. Based on that evidence, a rational trier of fact could have found Guarino guilty of each offense. The state court's decision is neither objectively unreasonable, nor is it contrary to or an unreasonable application of established federal law or based on an unreasonable determination of the facts.

### C. Ineffective Assistance of Counsel: Rejection of the Plea Agreement

In the circuit court, Guarino alleged that "an attorney must correctly inform the defendant of the direct consequences of his plea," and that his trial counsel was ineffective in advising him to reject the prosecutor's plea offer of six months on all charges. Petitioner alleged that he would have

15

accepted the Commonwealth's plea offer of "six (6) months on all charges ..., but his defense counsel informed petitioner that he could beat the case against him. Therefore, petitioner accepted the advice of his defense counsel and turned down the Commonwealth's six (6) months offering." (CCT H. at 10). The circuit court found the claim was without merit based upon the plea colloquy conducted prior to petitioner entering his not guilty pleas.[9] The ruling was affirmed on appeal. (VSCT H. at 283).

However, on appeal, Guarino altered his claim and argued that his attorney was ineffective because he failed to inform him of the maximum punishments he faced (Id. at 282), instead of the claim that his attorney was ineffective for advising him to reject the plea agreement. The Supreme Court of Virginia found the allegation that counsel was ineffective because he failed to inform Guarino of the maximum punishments was barred by Virginia Code § 8.01-654(B)(2), because it had not been raised in the petition Guarino filed in the circuit court. The Supreme Court of Virginia found that the facts alleged in support of the claim were known to petitioner at the time he filed the petition, and that petitioner could "not 'rise above' the allegations made in his pleading." (Id. at 282) (footnote omitted).

---

[9] During the plea colloquy, Guarino assured the court that he had discussed with his attorney the charges against him and the "possible penalties," possible defenses, his possible plea, he confirmed that his decision to plead not guilty was his own, stated that his witnesses were present, and that he was entirely satisfied with his attorney's representation. Guarino stated he was entering his not guilty pleas freely and voluntarily, and had discussed the consequences of testifying or not testifying. (Id. 31-32). The court asked if any plea offers had been made, and if so had "the offers been communicated to Guarino. The prosecutor responded that they had, and defense counsel responded that the offers had been conveyed to" Guarino. (Id. 32). Guarino elected to be tried by a jury, and stated that he understood that the jury would decide if he was guilty or not guilty, and would also decide his sentence. (Id.). Guarino told the court that he had no further questions and the court found his pleas were freely and voluntarily entered. (Id. at 33). Of significance, immediately before the plea colloquy, with Guarino present, defense counsel argued the motion to continue in order to re-open the suppression motion. To emphasize how important re-opening the suppression motion was to Guarino, counsel highlighted that Guarino was "*looking at two felonies essentially a mandatory minimum of ten years* and now we have this evidence and it puts things in a different light." (Id. at 22) (emphasis added).

With regard to the ineffective assistance of counsel claim raised in the circuit court habeas petition, the last reasoned decision, the circuit court's decision is neither objectively unreasonable, nor is it contrary to or an unreasonable application of established federal law or based on an unreasonable determination of the facts.

Guarino has not advanced any argument for cause to excuse the defaulted claim alleging his attorney was ineffective because he failed to inform him of the maximum punishments he faced.[10] To the extent this claim is before the Court, the claim is dismissed as defaulted.[11]

### D. Ineffective Assistance of Counsel: Failing to Object to the Admissibility of Evidence at Trial.

In the circuit court habeas petition, Guarino alleged that his attorney was ineffective for not objecting to the testimony of Detective Davis, and that counsel had failed to challenge Davis testimony through cross-examination. Guarino's claim attacked the expert testimony provided by Davis at trial. Guarino alleged counsel should have called an expert witness to refute Davis's testimony (CCT H. at 101); and counsel should have impeached Davis's credibility via cross-examination. (Id. at 102). The circuit court found that Guarino's failure to provide a proffer of an expert's testimony was fatal to his claim. (Id. at 101-02) (citing Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996); Bassett v. Thompson, 915 F.2d 932, 940 (4th Cir. 1990); (similar

---

[10] Guarino's allegation that if he had known the maximum possible punishments he would have accepted the offer is belied by a letter he filed with the court after trial and a motion to modify his sentence. Guarino stated in a letter dated December 16, 2016 that he wanted the several firearms seized and that "[i]t was noted at trial that my rejection of plea presented by Commonwealth was due to my having to relinquish ownership of my guns." (CCT at 106). The weapons had sentimental value and Guarino wanted the firearms to be picked up for his son who was on military service — Guarino referred to the weapons as "an inheritance to my son." (Id.). In a motion for a modification of sentence filed January 17, 2017, Guarino noted he had been offered a "six month plea agreement" but that he "did not take [the] plea agreement because of sentimental value of weapons that were an inheritance to his son; who was on military call of duty at [that] time." (Id. at 131).

[11] Guarino did not allege counsel had not advised him of the maximum punishments he faced until he filed his petition for appeal from the dismissal of his habeas petition, in which he argued that trial counsel was ineffective for "failing to advise Guarino" that "the charges carr[ied] a total sentence of ... not less than 5 years nor more than 40 years." (VSCT H. at 37).

state case omitted)). The circuit court found that Guarino's failure to proffer what questions counsel should have asked was fatal to the related ineffectiveness claim of not impeaching Davis on cross-examination. (CCT H. at 102).[12] The circuit court's dismissal of the claim petition, the last reasoned decision, is neither objectively unreasonable, nor is it contrary to or an unreasonable application of established federal law or based on an unreasonable determination of the facts.

### E.  *Ineffective Assistance of Counsel: Delayed Appeal*

Guarino also sought a delayed appeal in his state habeas proceedings. The circuit court denied the claim because Guarino's counsel did perfect an appeal. (CCT H. at 105). The state court records establish that Guarino's attorney filed a motion for a delayed appeal pursuant to Virginia Code §19-2-321.1 on December 13, 2016. (CAV R. at 1). The motion included the attorney's affidavit, which admitted Guarino had asked him to appeal his convictions and he had neglected to take the necessary steps to perfect his appeal. (Id. at 3). The motion was granted on February 15, 2017. (Id. at 12). The circuit court's dismissal of the claim petition, the last reasoned decision, is neither objectively unreasonable, nor is it contrary to or an unreasonable application of established federal law or based on an unreasonable determination of the facts.

---

[12] The circuit court also found that cross-examination is a matter of trial tactics, that "counsel performed an objectively reasonable cross-examination of Detective Davis at trial," and that Guarino failed to prove prejudice due to the strength of the prosecution's case. (Id. at 102-03) (citing Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978)). See also Hoots v. Allsbrook, 785 F.2d 1214, 1219 (4th Cir. 1986) ("[C]ourts considering a claim of ineffective assistance should not second-guess strategic decisions of counsel."); United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir.1987) ("Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature" and do not ordinarily support an ineffective assistance claim); cf. Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.").

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 6] is granted, this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[13]

Entered this 31st day of May 2022.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

---

[13] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.